**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Mion Keith Prince, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:05-449 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On February 14, 2005, pursuant to 28 U.S.C. § 2255, Mion Keith Prince ("petitioner") commenced this pro se action attacking his guilty plea and sentence. On April 11, 2005, the government moved for summary judgment. On April 12, 2005, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On May 9, 2005, the petitioner responded to the government's motion for summary judgment. This matter is now before the Court for disposition.

On March 26, 2003, a federal grand jury returned a one-count indictment charging the petitioner for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(8). On June 16, 2003, the petitioner pled guilty to the charge, and was sentenced to 24 months confinement followed by 3 years of supervised release. The petitioner did not appeal his guilty plea or sentence. The Clerk entered judgment of conviction on September 2, 2003. The petitioner is scheduled to be released from prison on July 10, 2005 and is currently serving his sentence at a half-way house.

The petitioner raises the following claims in this action: (1) defective indictment in that it did not specifically allege the type of weapon or ammunition he possessed which violates

Blakely v. Washington, 124 S.Ct. 2531 (2004); (2) his sentence was enhanced using facts not alleged in his indictment; (3) ineffective assistance of counsel for not challenging his indictment during his guilty plea or sentence.[1]

The government contends this petition is time barred. On April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2255 was amended to provide for a statute of limitations period:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When a petitioner does not appeal his conviction, judgment becomes final when it is

---

[1] With respect to an indictment, the only question a petitioner may present in a section 2255 action is whether the indictment sufficiently charged the crime. Gibson v. United States, 244 F.2d 32, 34 (4th Cir. 1957). An indictment meets the guarantees of the Fifth and Sixth amendment if it contains the elements of the crime charged, fairly informs a defendant of the crime he must defend, and enables him to plead acquittal or conviction in a future prosecution for the same offense. See United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999). The petitioner's indictment, which listed the alleged date of the offense and the elements of being a felon in possession of a firearm, sufficiently charged the crime and was valid.

entered.  See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).  The Clerk entered the petitioner's judgment of conviction on September 2, 2003.  The petitioner filed this action on February 14, 2005, more than one year after his judgment became final.

The petitioner first contends the limitation period began running when the Supreme Court issued its opinion in United States v. Booker, 125 S.Ct. 738 (2005).  Under section 2255, a petition is timely if it is filed within one year from the date the Supreme Court recognizes a new right and makes "[the right] *retroactively applicable to cases on collateral review*."  28 U.S.C. § 2255(emphasis added).  The Supreme Court, however, did not hold that its decision in Booker should apply retroactively.  See Booker, 125 S.Ct. at 759 ("we must apply today's holding . . .to all cases on direct review").  Moreover, subsequent to the decision in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005.  See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).  The one year limitation period, therefore, did not begin running when the Supreme Court rendered its decision in Booker.

Next, the petitioner claims he is actually innocent of the crime he pled guilty to.  The petitioner, however, fails to assert newly discovered facts supporting this assertion and his conclusory allegation of innocence does not warrant a later date on which to start running the one year limitation.  The date the petitioner's judgment became final determines when the one year limitation began running.  This action, consequently, is untimely.

The petitioner claims that the limitation period should be equitably tolled because he was not aware of it.  Equitable tolling is available only in rare instances where circumstances external to the party's own conduct cause the application of the statute of limitations to be

unconscionable and a gross injustice would result.  Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).  A time-barred petitioner, therefore, must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time."  Id.  The petitioner's claim of ignorance does not justify equitably tolling the limitation period.  "[A] misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to [a petitioner's] control."  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

     The Court therefore grants the government's motion for summary judgment and dismisses the petition as untimely.

     **AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 24, 2005
Charleston, South Carolina